IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAYTH MOHAMMAD AL-TURK,<br><br>    Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF NEBRASKA, et al;<br><br>    Defendants. | 8:13CV74<br><br>**MEMORANDUM AND ORDER** |

The following motions are pending before me:

1) Plaintiff's motion that I recuse myself from this case; and

2) Defendants' motion to transfer the trial location to Lincoln.

For the reasons discussed below, the motion to recuse will be denied; and the motion to transfer the case to Lincoln will be granted.

1. Motion for recusal.

The plaintiff claims I must recuse myself, arguing I am an adjunct faculty member for the defendant University of Nebraska College of Law. Every judicial officer must satisfy herself that she is actually unbiased toward the parties in each case and that her impartiality is not reasonably subject to question.

> The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. In deciding whether to recuse [her]self, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of [her] presiding over their case.

In re Kansas Public Employees Retirement System, 85 F.3d 1353, 1358 (8th Cir. 1996) (quoting In re Drexel, 861 F.2d 1307, 1312 (2d Cir. 1988). See also, United States v.

Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985) (decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.)

"A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003). In support of his motion for recusal, the plaintiff has submitted a copy of the College of Law web page which identifies the undersigned magistrate judge as an adjunct faculty member for the College of Law.  Based on this web page, the plaintiff argues "it is assumed that Magistrate Zwart works at the discretion of the Dean (a party defendant to the action) and receives compensation from the University for her time and efforts." Irrespective of what the website states or intends to convey, I have not been employed as an adjunct faculty member since 2011.  I am not aware, and do not believe, that any of the named defendants decided or commented, one way or the other, on whether I should serve as adjunct faculty for UNL's trial advocacy program.  Moreover, as stated in the plaintiff's complaint, his claims arise from events occurring in the fall of 2012—a year after I last served as an adjunct instructor. I know nothing about the circumstances of the plaintiff's case or claims.  To my knowledge, I have never met defendant Brian Leppard, and I have only a professional acquaintance relationship—as typically exists between judges, lawyers, and educators in the legal profession[1]—with defendants Poser, Lawson, and Lenich.[2]  Under such circumstances recusal is not required.  See, e.g., Lunde v. Helms, 29 F.3d 367, 370 (8th Cir. 1994)(finding no basis for recusal when judge graduated from the law school defendant, was a financial contributor, and participated in the law school's educational programs); Doyle v. Arlington County School Bd., 953 F.2d 100, 102-03 (4th Cir. 1991)(Judge who previously served on the board of the defendant school district was not required to recuse himself where the judge

---

[1] For example, seeing each other at Inns of Court events and meetings, Mock Trial or Moot Court competitions, Bar Association functions, CLE seminars, law school graduation ceremonies, or swearing-in ceremonies for new attorneys.

[2] I currently have an unpaid intern from the College of Law.  The intern's supervising professor is defendant Lenich.  However, my only contact with Professor Lenich regarding this intern is submitting written reports, by email, of the intern hours worked and my satisfaction with intern's performance.  The intern has not, and will not have any contact with the above-captioned case.

had resigned his position prior to the events that led to the dispute); Valente v. University of Dayton, No. 3:08–CV–225, 2009 WL 4255508, at *3 (S.D.Ohio Nov. 19, 2009) (Judge was not required to recuse himself from case involving a law school even though judge was previously employed by the law school and was friendly with many of its faculty).

The plaintiff claims that even absent actual bias, recusal is necessary due to an appearance of impropriety. The plaintiff argues:

> A past and future employment relationship between Magistrate Zwart and the University and faculty defendants creates an appearance of a lack of impartiality, though the Magistrate may actually have no bias or prejudice against Plaintiff. That appearance alone requires reassignment of the matter to a different Magistrate.

"[T]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, 924 (2004); O'Bannon v. Union Pac. R.R. Co., 169 F.3d 1088, 1091 (8th Cir.1999); Lunde v. Helms, 29 F.3d at 370. A judge must recuse herself if her "impartiality might reasonably be questioned," (28 U.S.C. §455(a)). But she has an equal obligation not to recuse herself when there is no reason to do so. Southwestern Bell Telephone Co. v. F.C.C, 153 F.3d 520, 523 (8th Cir. 1998). As the legislative history of 28 U.S.C. §455 explains, disqualification for lack of impartiality must have a reasonable basis. Nothing in this legislation should be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. Litigants should not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to a judge of their own choice. House Report No. 93-1453, adopting Senate Report No. 93-419, 3 U.S.Code Cong. & Admin. News, 93rd Cong., 2d Sess. 1974, pp. 6351-6363 at 6355.

I am not biased, for or against, any of the parties to this case. Moreover, "a reasonable observer who is informed of all the surrounding facts and circumstances" as set forth in this memorandum and order would not conclude that I am unable to fairly consider and rule on the issues in this case. The plaintiff's motion to recuse will be denied.

2.      Motion to Transfer.

The defendants have move to change the location of trial to Lincoln.  Under the court's local rules, when deciding the place of trial "the judge shall consider the convenience of litigants, witnesses and counsel."  NECivR. 40.1(b)(1).  In analogous situations courts have held that the convenience of the litigants and witnesses is generally afforded greater weight than the convenience of counsel.  See Standard Office Sys. v. Ricoh, 742 F. Supp. 534, 537 (W.D. Ark. 1990)(noting convenience of counsel seldom has controlling weight in determining whether a transfer of an action to a district where it might have been brought is proper under 28 U.S.C. § 1404(a)).

Based on the evidence before the court, the plaintiff is an Omaha resident who attended law school for three years at the University of Nebraska College of Law in Lincoln, Nebraska. The individual defendants reside in Lincoln, Nebraska.  The events underlying the plaintiff's claims occurred in Lincoln, Nebraska.  Plaintiff's counsel states "Plaintiff anticipates calling several witnesses who reside in Omaha, and any of the computer specialists both parties will be relying on reside and work in Omaha."  (Filing No. 30, ¶ 5). But the plaintiff's Rule 26(a)(1) disclosure does not list any witness located in Omaha. (Filing No. 27).   Plaintiff's counsel is from Omaha; the defendants' attorneys are from Lincoln, and their law firm has offices in both Lincoln and Omaha.

Having considered the convenience of litigants, witnesses, and counsel as supported by the evidence of record, the court finds that, on balance, Lincoln is the proper location for the trial of this case.

The plaintiff argues, however, that he cannot receive a fair trial in Lincoln. Specifically, the plaintiff states that due to the "vast economic impact that the University of Nebraska-Lincoln and its various departments have on an annual basis on the City of Lincoln and surrounding communities," the plaintiff "cannot be given a fair and impartial trial in Lincoln."  (Filing No. 33, p. 2).  The plaintiff further argues "jury selection will be more time-consuming and cumbersome for the Court, based upon the University's impact in the

Lincoln and Lancaster County areas, the primary communities from which jurors will be drawn." (Filing No. 33, p. 2).

Contrary to the plaintiff's assertion, irrespective of the University's economic impact on Lincoln, jurors drawn from the Lincoln federal jury pool are not presumptively biased in favor of the University of Nebraska College of Law. The voir dire process will assist the parties and the court in selecting a fair and impartial jury. And in the absence of evidence to the contrary, the court assumes the jurors selected will listen to the evidence presented, fairly consider that evidence, follow the court's instructions, and render a decision accordingly.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion for recusal, (Filing No. 31), is denied.

2) Defendants' motion to transfer the trial location to Lincoln, (Filing No. 22), is granted, and the plaintiff's objection to that motion, (Filing No. 29), is denied.

April 5, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.